# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-0400V
UNPUBLISHED

| | |
|---|---|
| LILLIAN ROBINSON,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: September 17, 2021<br><br>Special Processing Unit (SPU); Joint Stipulation on Damages; Influenza (Flu) Vaccine; Shoulder Injury Related to Vaccine Administration (SIRVA) |

*Leigh Finfer*, Muller Brazil, LLP, Dresher, PA, for Petitioner.

*Katherine Carr Esposito*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON JOINT STIPULATION[1]

On April 7, 2020, Lillian Robinson filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered "a left shoulder injury resulting from the adverse effects of an influenza vaccination . . . received on November 26, 2018. Petition at 1; Stipulation, filed on September 7, 2021, ¶¶ 1-2, 4. On September 8, 2021, I issued a decision awarding compensation to Petitioner based on the parties' joint stipulation. ECF 31.

On September 14, 2021, Respondent's counsel emailed the SPU staff attorney assisting me with this case after noting that my decision erroneously listed the settlement amount as $52,000.00 rather than $52,**5**00.00, as agreed by the parties in the stipulation.

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Vaccine Rule 36(a) allows a party to obtain relief from judgment in two ways: either by filing a motion for reconsideration pursuant to RCFC 59, or by seeking relief from judgment pursuant to RCFC 60. If the case was assigned to a judge for review, the motion will be referred to the same judge. Vaccine Rule 36(a)(1). Otherwise, the motion will be referred to the special master assigned to the case. Vaccine Rule 36(a)(2).[3]

In determining whether a judgment should be set aside or altered, "the need for finality of judgments" must be balanced against "the importance of ensuring that litigants have a full and fair opportunity to litigate." *Kennedy v. Sec'y of Health & Human Servs.*, 99 Fed. Cl. 535, 539 (2011) (citing *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 276 (2010); see also *Bridgham by Libby v. Sec'y of Health & Human Servs.*, 33 Fed. Cl. 101, 104 (1995) (discussing the "tension between the goals of ensuring that the court's judgment appropriately reflects the adjudication of the parties' rights and of providing the parties with certainty as to those rights").

Pursuant to RCFC 60(a), a court may correct "[c]lerical mistakes in judgments, orders, or other parts of the record" at any time. Additionally, a party may request relief from final judgment for the specific reasons listed in RCFC 60(b)(1)-(5) or the "catch all" provision at RCFC 60(b)(6). Similar to RCFC 60(a), RCFC 60(b)(1) allows post judgment relief for "mistake, inadvertence, surprise, or excusable neglect."

In determining whether a request for relief from judgment is properly classified under RCFC 60(a) or RCFC 60(b), the United States Court of Appeals for the Federal Circuit has stated:

> Rule 60(a) affords relief from minor clerical mistakes or errors arising from simple oversight or omission. *See* James W. Moore and Jo Deshap Lucas, *Moore's Federal Practice* ¶ 60.06[1] (2d ed.1993); *see also United States v. Bealey,* 978 F.2d 696, 699 (Fed.Cir.1992). It is intended to allow the judgment to "speak the truth," but not to substantially alter the rights of the parties thereto. *See* 11 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2854 (1973 & Supp.1993). Errors of a more substantial nature are more appropriately correctable under subdivision 60(b). *See* Moore, *supra,* ¶ 60.06[4].

*Patton v. Sec'y of Health & Human Servs.*, 25 F.3d 1021, 1029 (Fed. Cir. 1994).

Rule 60(a) thus allows a court to correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record, and is appropriate where the order, decision or judgment does not reflect what the court intended. Rule 60(b), by contrast, provides a mechanism for correcting more serious kinds of errors in a judgment or order. Rule 60(b) relief may only be obtained by motion and a showing, at a minimum, of "just terms," whereas

---

[3] This sharing of authority over judgments between judge and special master was determined to be appropriate since Vaccine Rule 36 allows for immediate review of the special master's ruling. *Vessels v. Sec'y of Health & Human Servs.*, 65 Fed. Cl. 563, 568 (2005).

Rule 60(a) relief may be granted by the Court upon its own volition with or without notice to the parties. I have previously discussed in detail the differences between RCFC 60(a) and RCFC 60(b)(1) in *Williamsen v. Sec'y of Health & Human Servs.*, No. 10-0223V, 2014 WL 1388894 (Fed. Cl. Spec. Mstr. Feb. 5, 2014).

Here, I find that the relief requested by the parties is warranted under Rule 60(a), as there was a clear clerical error in my decision. Pursuant to the terms of the attached joint stipulation, the parties agreed to the amount of $52,500.00 in compensation for Petitioner. However, I erroneously awarded the amount of $52,000.00 in my decision. ECF 31.

Accordingly, I direct the Clerk of Court to issue judgment in favor of Petitioner to include the following information:

**A lump sum of $500.00 in the form of a check payable to Petitioner**.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

DocuSign Envelope ID: A2EBAAD4-6FF5-4B3A-8118-5048C7EAE04D

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

```
***************************************
LILLIAN ROBINSON,                      *
                                       *
                Petitioner,            *       No. 20-400V
                                       *       Chief Special Master Corcoran
v.                                     *
                                       *
SECRETARY OF HEALTH AND                *
HUMAN SERVICES,                        *
                                       *
                Respondent.            *
***************************************
```

## STIPULATION

The parties hereby stipulate to the following matters:

1. Petitioner, Lillian Robinson, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of an influenza ("flu") vaccine, which is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. Petitioner received a flu vaccine in her left arm on November 26, 2018. She also received a pneumococcal polysaccharide vaccine in her left arm at the same appointment, which is not included on the Table.

3. These vaccines were administered within the United States.

4. Petitioner alleges that she sustained a shoulder injury related to vaccine administration ("SIRVA") within the time period set forth in the Table. She further alleges that she has experienced residual effects of this injury for more than six months.

DocuSign Envelope ID: A2EBAAD4-6FF5-4B3A-8118-5048C7EAE04D

5.  Petitioner represents that there has been no prior award or settlement of a civil action for damages on her behalf as a result of her condition.

6.  Respondent denies that petitioner sustained a SIRVA Table injury; denies that the flu vaccine caused petitioner's alleged shoulder injuries, or any other injury; and denies that her current condition is a sequelae of a vaccine-related injury.

7.  Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8.  As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of $52,500.00 in the form of a check payable to petitioner. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9.  As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and her attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or

State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

11. Payment made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees, and litigation costs, the money provided pursuant to this Stipulation will be used solely for the benefit of petitioner as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13. In return for the payments described in paragraphs 8 and 9, petitioner, in her individual capacity and on behalf of her heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from a flu vaccine administered on November 26, 2018, as alleged by petitioner in a petition for vaccine compensation filed on or about April 7, 2020, in the United States Court of Federal Claims as petition No. 20-400V.

14. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

DocuSign Envelope ID: A2EBAAD4-6FF5-4B3A-8118-5048C7EAE04D

15. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

16. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

17. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that petitioner sustained a SIRVA Table injury; that the flu vaccine caused petitioner's alleged shoulder injuries, or any other injury; or that her current condition is a sequelae of a vaccine-related injury.

18. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

/
/
/
/
/
/
/
/
/

4

Respectfully submitted,

**PETITIONER:**

*Lillian Robinson* (DocuSigned)

LILLIAN ROBINSON

**ATTORNEY OF RECORD FOR PETITIONER:**

*Leigh Finfer* (signature)

LEIGH FINFER
MULLER BRAZIL, LLP
715 Twinning Road, Suite 208
Dresher, PA 19025
(215) 885-1655
leigh@myvaccinelawyer.com

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

Dale P. Mishler, DHSc, MS, APRN, for

TAMARA OVERBY
Acting Director, Division of Injury
 Compensation Programs
Healthcare Systems Bureau
Health Resources and Services
 Administration
U.S. Department of Health
 and Human Services
5600 Fishers Lane, 08N146B
Rockville, MD 20857

Dated: 09/07/2021

**AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**

*Heather L. Pearlman* (signature)

HEATHER L. PEARLMAN
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**ATTORNEY OF RECORD FOR RESPONDENT:**

*Katherine C. Esposito by Heather L. Pearlman* (signature)

KATHERINE C. ESPOSITO
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 305-3774
katherine.esposito@usdoj.gov